IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **HEATHER NICOLE T.,** | * |
| **Plaintiff,** | * |
| vs. | *   Civil Action No.  ADC-20-0417 |
| **ANDREW M. SAUL,** Commissioner, Social Security Administration | * |
| **Defendant.** | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On February 18, 2020, Heather Nicole T. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for Disability Insurance Benefits ("DIB"). *See* ECF No. 1 ("the Complaint"). After consideration of the Complaint and the parties' cross-motions for summary judgment (ECF Nos. 11, 13), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 11) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 13) is GRANTED, and the decision of the SSA is AFFIRMED.

### PROCEDURAL HISTORY

On December 5, 2016, Plaintiff filed a Title II application for DIB, alleging disability beginning on May 18, 2016. Her claims were denied initially and upon reconsideration on March 8, 2017 and October 10, 2017, respectively. Subsequently, on February 16, 2018, Plaintiff filed a written request for a hearing and, on February 21, 2019, an Administrative Law Judge ("ALJ") presided over a video hearing. On March 13, 2019, the ALJ rendered a decision

1

ruling that Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act [(the "Act")], from May 18, 2016, through the date of this decision." ECF No. 10 at 29. Thereafter, Plaintiff filed an appeal of the ALJ's disability determination, and, on January 8, 2020, the Appeals Council denied Plaintiff's request for review.

On February 18, 2020, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of her disability application. On June 25, 2020, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on September 3, 2020. This matter is now fully briefed, and the Court has reviewed both parties' motions.

### STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct

2

legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB, a claimant must establish that she is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering

3

h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§

404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## **ALJ DETERMINATION**

In the instant matter, with regard to Plaintiff's DIB claim, the ALJ preliminarily found that Plaintiff met the insured status requirements of Title II of the Act through June 30, 2019. ECF No. 10 at 21. The ALJ then performed the sequential evaluation and found at step one that Plaintiff "ha[d] not engaged in substantial gainful activity since May 18, 2016 the alleged onset date." *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: asthma, depression, post-traumatic stress disorder (PTSD), anxiety and attention deficit and

6

hyperactivity disorder. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 22. At step four, the ALJ determined that Plaintiff had the RFC:

> to perform medium work as defined in 20 CFR 404.1567(c) except for occasional balancing and climbing of ramps and stairs and of ladders, ropes and scaffolds. The [Plaintiff] can perform frequent stooping, kneeling, crouching, and crawling. There can be no more than occasional exposure to fumes and other pulmonary irritants. The [Plaintiff] can perform simple routine tasks. The [plaintiff] would need normal breaks of 15 minutes, 30 minutes, and then 15 minutes to address time off task. The [Plaintiff] can perform no pace work. The [Plaintiff] can have occasional interactions with supervisors, co-workers and the public. There can be no more than 15 people in proximity to the [Plaintiff]. The [Plaintiff] can have few changes in the routine work setting and can make simple or related decisions. There can be no travel other than to and from work. The [Plaintiff] can work in a moderate noise level.

*Id.* at 24. The ALJ then determined that Plaintiff has been unable to perform any past relevant work since the alleged onset date. *Id.* at 28. Finally, at step five, the ALJ noted that "considering [Plaintiff]'s age, education, work experience, and [RFC], there were jobs that existed in significant numbers in the national economy that [Plaintiff] can perform." *Id.* Thus, the ALJ concluded that Plaintiff "has not been under a disability, as defined by the Social Security Act, from May 18, 2016, through the date of this decision." *Id.* at 29.

## DISCUSSION

Plaintiff raises two allegations of error on appeal: (1) that the ALJ failed to properly weigh the medical opinion evidence of Ashley Eshelman and (2) the ALJ's RFC determination is legally insufficient. ECF No. 11-1 at 8, 10. The Court finds neither of Plaintiff's arguments are a basis for remand. Each alleged error is addressed below.

A. <u>The ALJ afforded proper weight to the medical opinion evidence.</u>

7

Plaintiff first argues that the ALJ erred in assigning little weight to the October 2017 and November 2018 assessments of Ashley Eshelman. *Id.* at 9. Plaintiff contends that the reasoning the ALJ provided is legally insufficient because it "offers little more than selective picking and choosing of incomplete statements in electronic medical reports." *Id.* The Court disagrees.

Under the treating physician rule, an ALJ must generally give a treating physician's opinion "more weight . . . since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the patient's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). "When the treating source has seen [the patient] a number of times and long enough to have obtained a longitudinal picture of [the patient's] impairment, we will give the medical source's medical opinion more weight than we would give it if it were from a nontreating source." 20 C.F.R. §§ 404.1527(c)(2)(i), 416.927(c)(2)(i). However, where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be afforded significantly less weight. *Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017) (quoting 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)). Moreover, an ALJ is not required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 C.F.R. § 404.1527(d)(1). If a treating source's opinion is not given controlling weight, the ALJ must consider the following factors in deciding the appropriate weight to give the treating source's opinion: (1) the length and frequency of the treatment relationship; (2) the nature and extent of the treatment relationship; (3) the amount of evidence supporting the physician's opinion; (4) the consistency of the opinion with the record as a whole; (5) whether the physician is a specialist giving an opinion about his area of specialty; and (6) any other factors which tend to support or contradict the opinion. 20

8

C.F.R. §§ 404.1527(c)(1)–(6). An ALJ need not apply these factors in a mechanical fashion, so long as the ALJ articulates the reasoning behind the weight accorded to the opinion. *Carter v. Astrue*, No. CBD-10-1882, 2011 WL 3273060, at *6 (D.Md. July 27, 2011).

Contrary to Plaintiff's assertions, the ALJ properly evaluated and assigned Ms. Eshelman's opinions little weight because they were inconsistent with objective medical evidence in the record. *See* ECF No. 10 at 26. The ALJ specifically explained how Ms. Eshelman's opinions that Plaintiff "had moderate to extreme limitations in various mental functioning categories, with a number of marked and extreme limitations" directly contradicted her own notes and evaluations. *Id.* The ALJ articulated the following reasoning for assigning little weight to Ms. Eshelman's opinions:

> The undersigned gives these opinions little weight because they are inconsistent with the generally normal mental status examinations assessed during the [Plaintiff's] therapy with Ms. Eshelman, and with the notations in every one of the sessions that the [Plaintiff's] symptoms were moderate, as well as with the [Plaintiff's] ability to assist with care of her grandson, and treatment notes indicating that she has only occasional anxiety when going to new places and no problem with focusing while in her PRP groups.

ECF No. 10 at 26. (internal record citations omitted). While Plaintiff argues that the ALJ's assignment is "based on selective picking and choosing" of statements in the record (ECF No. 11-1 at 10), the ALJ is required to distinguish and address any contradictory statements. As noted above, when determining the weight given to a medical opinion, the ALJ must consider a multitude of factors, including the consistency of the opinion with the record as a whole and other factors which tend to support or contradict the opinion. 20 C.F.R. § 416.927(c)(4), (6). Consequently, the Court finds the ALJ's reasoning for giving Ms. Eshelman's opinions little weight was fully articulated in the ALJ's written decision and supported by good reasons and substantial evidence in the record.

### B. The ALJ considered sufficient evidence in her RFC determination

Where a Plaintiff's impairment is not sufficiently severe to equal or exceed a listed impairment, the ALJ must then assess the claimant's RFC. RFC assesses "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. pt. 404, subpt. P, app. 2, 200.00(c). Plaintiff argues that the ALJ's RFC is legally insufficient because it does not adequately address her limitations with concentration, persistence and pace. ECF No. 11-1 at 11. Specifically, Plaintiff asserts that the ALJ's finding that her off-task limitation could be accommodated by normal work breaks is inconsistent with the medical reports, medical opinions, and the ALJ's statement's during the VE's testimony. *Id.* Defendant contends that the ALJ clearly accounted for Plaintiff's limitation when she included two 15-minute breaks and one 30-minute break in a workday. ECF No. 13-1 at 15. The Court agrees with Defendant.

In determining RFC specifically, an ALJ must consider the entire record, opinion evidence, impairments that are not severe, and any limitations the ALJ finds. 20 C.F.R. §§ 404.1545(a), 416.945(a) (ordering the ALJ to consider the entire record); SSR 96-8p, 1996 WL 374184, at *2 (defining the RFC as an assessment of an individual's ability to perform vocational-related physical and mental activities). It is the duty of the ALJ to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating a claimant's RFC. Specifically, the Ruling provides:

> [t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical

> evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). Furthermore, "[t]he Ruling instructs that the [RFC] 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations. Only after that may [the RFC] be expressed in terms of the exertional levels of work [:] sedentary, light, medium, heavy, and very heavy." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (footnote omitted) (quoting SSR 96-8p, 1996 WL 374184).

Plaintiff contends that the ALJ's RFC assessment is legally insufficient because it is inconsistent with medical evidence and opinions finding that Plaintiff's off-task limitation could not be accommodated by normal work breaks. ECF No. 11-1 at 11. As discussed above, the ALJ properly afforded little weight to the opinions Plaintiff appears to be referencing. The ALJ considered sufficient evidence in her findings, articulating those considerations in the written decision. ECF No. 10 at 26-28. At step three of the sequential evaluation, the ALJ determined that "[w]ith regard to concentrating, persisting, or maintaining pace, the [Plaintiff] has a moderate limitation," and further explained that:

> in therapy, the [Plaintiff] denied issues with concentration and focus. The [Plaintiff] retains the concentration, persistence, and pace to do such things as watch her grandson, play with her grandson, feed her grandson, and change his clothing. Over the course of therapy, examinations have mostly revealed good

> judgment, memory, attention, attitude, appropriate thought content and linear and logical thought process.

ECF No. 10 at 23 (record citations omitted). The ALJ then determined that Plaintiff had the RCF to:

> perform simple routine tasks. The [Plaintiff] would need normal breaks of 15 minutes, 30 minutes, and then 15 minutes to address time off task. The [Plaintiff] can perform no pace work. The [Plaintiff] can have occasional interactions with supervisors, co-workers and the public. There can be no more than 15 people in proximity to the [Plaintiff]. The [Plaintiff] can have few changes in the routine work setting and can make simple work-related decisions.

*Id.* at 24. Contrary to Plaintiff's assertions, the ALJ's finding specifically, and appropriately, addressed Plaintiff's ability to stay on task. Plaintiff also argues that because she has no control over when her mental issues cause her to be off-task, the scheduled breaks are not accommodating. ECF No. 11-1 at 11. However, during the hearing the VE testified that the jobs stated would accommodate an individual with the above limitations, as well as allow them to take two, five to ten-minute breaks during the workday and be off task 10 percent of the workday. ECF No. 10 at 67-69. The VE's testimony in conjunction with the evidence of record sufficiently supports the ALJ's RFC. Thus, the ALJ's assessment adequately accounted for Plaintiff's moderate limitation in concentration, persistence, and pace and is supported by substantial evidence. Accordingly, remand on the basis that the ALJ's RFC determination is legally insufficient is DENIED.

## CONCLUSION

In summation, the Court finds that the ALJ properly evaluated the evidence on record and provided substantial evidence in support of the finding that Plaintiff "has not been under a disability, as defined in the Social Security Act, from May 18, 2016 through the date of this decision." Pursuant to 20 C.F.R. § 405(g), "[t]he findings of the Commissioner of Social

Security as to any fact, if supported by substantial evidence, shall be conclusive." Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 11) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 13) is GRANTED, and the decision of the Social Security Administration is AFFIRMED. The clerk is DIRECTED to close this case.

Date: 22 December 2020

A. David Copperthite
United States Magistrate Judge